# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAS VEGAS DEVELOPMENT GROUP, LLC,

    Plaintiff,

vs.

HEATHER HEUKE et al.,

    Defendants.

2:15-cv-00922-RCJ-PAL

**ORDER**

This case arises out of a homeowners' association ("HOA") foreclosure sale and a mortgagee's subsequent foreclosure sale. Pending before the Court are a Motion to Dismiss (ECF No. 7) and a Motion to Remand (ECF No. 10). For the reasons given herein, the Court grants the motion to remand and denies the motion to dismiss as moot.

## I.       FACTS AND PROCEDURAL HISTORY

On or about October 11, 2011, Plaintiff Las Vegas Development Group, LLC purchased real property located at 9928 Kudo Ct., Las Vegas, Nevada 89149 (the "Property") at an HOA sale. (*See* Compl. ¶¶ 11–31, ECF No. 1-1). Non-party Antelope HOA had foreclosed on Defendants Michael and Shirley Dupuis for nonpayment of assessments. (*Id.* ¶¶ 23–25). The Dupuises' first mortgage was with non-party First Horizon Home Loans, which later assigned the note and deed of trust to Defendants JP Morgan Chase Bank, N.A. and/or Chase Home

Finance, LLC (collectively, "Chase"). (*Id.* ¶¶ 19–20).  On or about May 29, 2012, Defendant First American Servicing Solutions, LLC ("First American") conducted a foreclosure sale of the Property on behalf of Chase. (*See id.* ¶ 55).  Defendant United Western Properties, LLC was the buyer, and it has since sold the Property to Defendant Heather Heuke, who purchased the Property by giving Defendant One Nevada Credit Union a promissory note secured by a deed of trust against the Property. (*Id.* ¶¶ 56–59).

Plaintiff sued Defendants in state court for quiet title, unjust enrichment, equitable mortgage, slander of title, conversion, wrongful foreclosure, and rescission.  Defendants removed.  First American has moved to dismiss, and Plaintiff has moved to remand.

## II.   DISCUSSION

Because the Court is of limited jurisdiction and the motion to remand challenges the Court's jurisdiction over the subject matter, the Court addresses that motion first.  Defendants removed the case from state court under 28 U.S.C. § 1441(a), alleging that the Court has original jurisdiction under § 1331.  Section 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Notice of Removal cites the Supremacy and Property Clauses of the U.S. Constitution, as well as 12 U.S.C. § 1721(g)(3)(E)(iv), as the federal laws under which one or more claims allegedly arise, based on unspecified interests of the Federal Housing Authority and the Government National Mortgage Association ("Ginnie Mae") at the time of the HOA foreclosure sale. (*See* Notice Rem. 2–3, ECF No. 1).  Under the "well pleaded complaint" rule, federal-question jurisdiction exists only if a substantial federal question appears on the face of the complaint; a defendant may not rely on federal defenses (and a plaintiff may not rely on anticipated federal defenses) to provide federal-question jurisdiction:

> We confront in this case what Justice Frankfurter termed the litigation-provoking problem of the presence of a federal issue in a state-created cause of action. In determining the presence or absence of federal jurisdiction, we apply the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Rather, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Thus the rule enables the plaintiff, as master of the complaint, to choose to have the cause heard in state court by eschewing claims based on federal law.

*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838–39 (9th Cir. 2004) (citations and internal quotation marks omitted).

The Court agrees with Plaintiff that no federal issue appears on the face of the Complaint, regardless of whether any federal entity had an interest in the Property at the time of the HOA foreclosure sale. Even if the Court were certain that a federal entity had an interest in the Property at the time of the HOA foreclosure sale, the federal rights or immunities cited by Defendants in the Notice of Removal are simply not essential elements of any of Plaintiff's claims. It does not appear that "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1314 (9th Cir. 1997) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983)) (internal quotation marks omitted). The mere presence of the federal issues does not create federal-question jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). And the absence of an independent federal remedy to enforce the federal rights at issue here is a powerful indicator that Congress did not intend to confer federal-question jurisdiction over state law claims potentially implicating those federal provisions. *See Wander v. Kaus*, 304 F.3d 856, 859–60 (9th Cir. 2002).

Chase notes in opposition that the Complaint specifically denies any federal interest in the Property and argues that that allegation makes the federal issue an element of Plaintiff's claims. The Court disagrees. The federal issues, even if implicated by the Complaint itself, are simply not essential to any of Plaintiff's claims. The potential federal defenses under the Supremacy Clause, the Property Clause, and 12 U.S.C. § 1721(g)(3)(E)(iv) (which prevents state laws from precluding or limiting the exercise of Ginnie Mae's power to contract and its ability to enforce those contracts)—and the Court states no opinion as to the validity of those defenses generally or in the present case—do not create federal-question jurisdiction simply because the issues are potentially implicated by the Complaint. Plaintiff could potentially succeed on its own claims under state law without litigating any federal issue, which means no federal issues are "essential" to those claims, and that ends the analysis, notwithstanding Plaintiff's anticipation of a federal defense:

> It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. *Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.*

*Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908) (emphasis added).

This case is even further removed from the scope of § 1331 than *Mottley* was. There, the complaint itself alleged a federal bar (the Fifth Amendment) to an anticipated federal defense (an intervening federal law potentially invalidating a previous settlement agreement), *see id.* at 151, but no federal issue was an essential element of plaintiff's own claim under state law (breach of a settlement agreement), *see id.* at 152. Here, Plaintiff does not even allege a federal bar to an

anticipated federal defense but merely implies a potential anticipated federal defense by alleging a lack of any federal interest in the Property. That allegation is superfluous, however, because Plaintiff has not included among the five declarations it seeks any determination of whether there is in fact any federal interest in the Property or whether any such interest limited the effect of the HOA foreclosure sale under federal law. (*See* Compl. ¶ 78). Plaintiff has only asked the Court to declare that the HOA foreclosure sale extinguished any interests of Defendants in the Property under state law. (*See id.*). It is Defendants who might rely on the federal issues as defenses, but the onus is on Defendants to raise those defenses in their own pleading, i.e., the Answer, which Chase has done. (*See* Answer 13, ECF No. 5). There is no obligation for Defendants to raise federal defenses, however, so Plaintiff could succeed on the claims in its own pleading, i.e., the Complaint, without the Court ever addressing the federal issues.[1]

There is an "implied complete preemption" exception to the well-pleaded complaint rule:

> Complete preemption, however, arises only in extraordinary situations. The test is whether Congress clearly manifested an intent to convert state law claims into federal-question claims. The United States Supreme Court has identified only three federal statutes that satisfy this test: (1) Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185; (2) Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; and (3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86.

*Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 863 (9th Cir. 2003). But the Court can easily conclude that neither the Supremacy Clause nor the Property Clause of the U.S. Constitution were intended by the Founders to completely preempt quiet title or mortgage foreclosure claims under state law. Nor does the statute cited indicate any such intent. All three provisions provide

---

[1] Conversely, if Defendants had been the plaintiffs in state court, and if they had alleged that certain federal rights or immunities entitled them to a declaration that their interest in the Property remained unaffected by the HOA foreclosure sale under state law, Plaintiff would probably be entitled to remove, because the federal issues would be essential elements of such a declaratory judgment claim. That is, Defendants could not succeed on such claims unless the Court adjudicated the federal issues in their favor.

generally applicable rules that might certainly affect quiet title actions and mortgage foreclosures under state law, but none of which rise to the level of showing "that Congress clearly manifested an intent to convert state law claims into federal question claims." *Ansley*, 340 F.3d at 864.

As both sides note, other courts of this District have opined as to whether and when federal law prevents the extinguishment of a first mortgage by an HOA foreclosure sale under state law. *See Skylights LLC v. Byron*, No. 2:15-cv-43, 2015 WL 3887061 (D. Nev. June 24, 2015) (Navarro, C.J.); *Freedom Mortgage Corp. v. Las Vegas Development Group, LLC*, No. 2:14-cv-1928, 2015 WL 2398402 (D. Nev. May 19, 2015) (Dorsey, J.); *Saticoy Bay LLC v. SRMOF II 2012-1 Trust*, No. 2:13-cv-1199, 2015 WL 1990076 (D. Nev. Apr. 30, 2015) (Mahan, J.); *Washington & Sandhill Homeowners Ass'n v. Bank of America, N.A.*, No. 2:13-cv-1845, 2014 WL 4798565 (D. Nev. Sept. 25, 2014) (Navarro, C.J.). Those rulings are inapposite in the present context, however, because they concern the merits of the relevant federal defenses, not the question of whether those defenses can provide subject matter jurisdiction under § 1331 where it is otherwise lacking, as in the present case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 10) is GRANTED, and the Motion to Dismiss (ECF No. 7) is DENIED as moot.

IT IS FURTHER ORDERED that the case is REMANDED to the Eighth Judicial District Court of Clark County, Nevada, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated: July 27, 2015

_____
ROBERT C. JONES
United States District Judge